**Bhulan Datta CHOUDHURY, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3813–ag.

United States Court of Appeals, Second Circuit.

March 27, 2007.

Parker Waggaman, New York, NY, for Petitioner.

David Kustoff, United States Attorney; William W. Siler, Assistant United States Attorney, Memphis, TN, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bhulan Datta Choudhury, a native and citizen of Bangladesh, seeks review of a July 20, 2006 order of the BIA denying his motion to reopen. *In re Bhulan Datta Choudhury*, No. A73 566 338 (B.I.A. July 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Choudhury's motion to reopen proceedings based on his failure to abide by the time limitations for such motions. The BIA appropriately noted that it issued the final order of removal in these proceedings on July 28, 2004. Therefore, Choudhury was required to file his motion to reopen within ninety days of the BIA's order, that is, on or before October 26, 2004. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R § 1003.2(c)(2). However, Choudhury did not file his motion until May/April 2006.[1] As such, his motion to reopen was clearly untimely.

Additionally, the BIA appropriately declined to excuse the lateness of Choudhury's motion to reopen when he offered no explanation as to why this motion was filed late. The numerical bar and ninety-day deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel so long as the movant has exercised "due diligence" in vindicating his or

---

1. It is unclear whether Choudhury's motion to reopen was filed in April or May of 2006. Although the filing receipt indicates that the motion was filed on May 8, 2006, as the BIA observed in its denial of Choudhury's motion, the Certificate of Service in the record indicates that the BIA received the motion on April 14, 2006. However, given that both dates fell beyond the ninety-day deadline for the filing of such motions, we need not address this discrepancy.

**64**

her rights. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) ("[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled."). While Choudhury asserts that there were "at most" fifteen months between the BIA's July 2004 decision and the response he received from the disciplinary committee in November 2005, he failed to explain the reason for the lapse of time between receipt of the order and subsequent correspondence with the disciplinary committee. He also failed to explain the delay between the time he received a response from the disciplinary committee and when he filed his motion to reopen, six to seven months later. The BIA properly denied Choudhury's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).